# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# (TAMPA, FLORIDA)

| | |
|---|---|
| **CHELSIE WOODY** | * |
| 9029 Pegasus Avenue | * |
| Port Richie, Florida 24668 | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | *   Case No.: |
| | * |
| **GOODFELLOWS OF PASCO** | * |
| **COUNTY, INC.** | * |
| **d/b/a BRASS FLAMINGO** | * |
| 9034 US-19 | * |
| Fort Richey, Florida 34668 | * |
| | * |
| SERVE:  Bike Brundage, Esq. | * |
| Brundage Law PA | * |
| 100 Main Street, Suite 204 | * |
| Safety Harbor, Florida 34695 | * |
| | * |
| DEFENDANT. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

Plaintiff Chelsie Woody ("Plaintiff"), individually and on behalf of all similarly situated employees, brings this Class and Collective action lawsuit against Goodfellows of Pasco County, Inc. d/b/a the Brass Flamingo Gentlemen's Club ("Defendant"), seeking to recovery of unpaid wages and damages arising from Defendant's violations of the Federal Fair Labor Standards Act ("FLSA") and the

Florida Minimum Wage Act, Fla. Const. art. X § 24 and Fla. Stat. § 448.110 ("FMWA"), as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Pasco County, Florida.

2. By acting as the named Plaintiff in this action, Plaintiff hereby consents in the writing of the heading of this Complaint to act as a Class Action Class Representative and as a named plaintiff in this FLSA Collective Action.

3. On June 12, 2023, Plaintiff served Defendant's Florida Registered Agent with a pre-litigation notice letter identifying her individual and class-wide claims for relief against Defendant under the FMWA and FLSA such that Plaintiff has fully satisfied all conditions precedent required to prosecute her individual and class-wide claims for relief against Defendant in this action.

4. Defendant is a corporation formed under the laws of the State of Florida that maintains its principal place of business, its Brass Flamingo Gentlemen's Club, in Pasco County, Florida.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, because this action involves a Federal question under the FLSA and confers supplemental jurisdiction over alleged common and interrelated state law claims seeking recovery of unpaid wages and damages under Florida law.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

7. At all times relevant to this action, Defendant qualified as an enterprise engaged in commerce under the FLSA because in each relevant year, Defendant sold food and beverages that passed in interstate commerce and had annual gross volume of sales or revenue exceeding $500,000.00.

8. At all times relevant, Defendant was Plaintiff's employer and the employer of all other similarly situated individuals that worked or performed as exotic dancers for, at, or in Defendant's Brass Flamingo Gentlemen's Club during the period September 2018, through the date of judgment in this case (the "Class Members" within the "Relevant Period"), as defined by the FLSA and the FMWA.

## FACTS

9. Plaintiff was employed by Defendant to work or perform exotic dancer job duties for, at, or in Defendant's Brass Flamingo Gentlemen's Club during the period of about March 2020, through the date Defendant terminated Plaintiff's employment, on or about June 3, 2023.

10. During the Relevant Period, Defendant employed Plaintiff and more than fifty (50) Class Members to work or perform exotic dancer job duties for, at, or in Defendant's Brass Flamingo Gentlemen's Club.

11. During the relevant period, the number of shifts Plaintiff and the Class Members worked or performed per week as exotic dancers for, at, or in Defendant's Brass Flamingo Gentlemen's Club was subject to the selection and discretion of Defendant and its ownership and management.

12. During the period of Plaintiff's employment, Plaintiff customarily worked or performed as an exotic dancer about 4-5 shifts per week, typically from about 7:00 PM until about 2:00 AM, for an average of about 30-35 hours per week.

13. During the relevant period, Defendant had actual knowledge of all shifts and hours Plaintiff and each Class Members worked or performed each week as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club.

14. During the Relevant Period, Defendant classified Plaintiff and each Class Member that worked or performed as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club as a non-employee independent contractor.

15. During the Relevant Period, Plaintiff and each Class Member that worked or performed as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club was Defendant's "employee" within the definitions of the same under the FLSA and FMWA.

16. During the Relevant Period, Defendant paid no wages and/or any other form of compensation to Plaintiff or any other Class Member that worked or performed as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club.

17. During the Relevant Period, as a condition of Plaintiff and each Class Member working her shift as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club, Defendant charged, assessed and/or required Plaintiff and each Class Member pay Defendant a mandatory fee, surcharge, or kickback.

18. During the Relevant Period, as a condition of Plaintiff and each Class Member working her shift as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club, Defendant required Plaintiff and each Class Member to deduct and/or assign a portion of her tips or gratuities received from Defendant's customers for payment directly to Defendant's DJ, security, and managers.

19. During the Relevant Period, the only earned money, wages, and/or compensation Plaintiff or the Class Members received arising from their employment with Defendant working or performing as exotic dancers for, at, or in Defendant's Brass Flamingo Gentlemen's Club was in the form of tips and/or gratuities paid directly to Plaintiff and the Class Members from Defendant's customers.

20. During the Relevant Period, Defendant had the full right and authority to control the exotic dancer job duties Plaintiff and the Class Members performed for, at, or in Defendant's Brass Flamingo Gentlemen's Club through rules and policies that were enforced at the sole discretion of Defendant's managers.

21. During the relevant period, Defendant controlled the method by which Plaintiff and the Class Members could earn money while employed by Defendants as exotic dancers for, at, or in Defendant's Brass Flamingo Club by controlling and dictating if, when, and during what shifts Plaintiff and the Class Members were permitted to work, establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

22. During the relevant period, Defendant required Plaintiff and the Class Members to perform private and semi-private dances for, at, or in Defendant's Brass Flamingo Gentlemen's Club under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

23. Prior to and/or during the Relevant Period, Defendant hired Plaintiff and the Class Members and, throughout Plaintiff and the Class Members' employment period, Defendant held and retained full authority and ability to discipline, fine, and/or fire Plaintiff and the Class Members, and/or adjust Plaintiff and the Class Members' work or shift schedules.

24. During the Relevant Period, Defendant, through its managers, supervised the exotic dancer work duties performed by Plaintiff and the Class Members, for, at, or in Defendant's Brass Flamingo Gentlemen's Club, to make sure Plaintiff and the Class Members' exotic dancer job performances and performance of associated and/or related work duties were of sufficient quality and in compliance with Defendant's rules and policies.

25. Prior to and/or during the Relevant Period, Defendant conducted initial interviews, auditions, and vetting for Plaintiff and the Class Members and, at Defendant's sole discretion, Defendant's management could deny Plaintiff or any Class Members access or ability to work or perform as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club.

26. During the Relevant Period, Defendant had full right and authority to suspend or send Plaintiff or any Class Member home or away from Defendant's Brass Flamingo Gentlemen's Club if Defendant believed Plaintiff or any Class Member violated Defendant's rules or policies and/or if Defendant's management, at their discretion, did not want Plaintiff or any Class Member to work or perform as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club.

27. During the Relevant Period, as a condition of employment and/or continued employment with Defendant as an exotic dancer working or performing for, at, or in Defendant's Brass Flamingo Gentlemen's Club, Defendant did not require Plaintiff or any Class Member to have or possess any requisite certification, education, or specialized training.

28. During the Relevant Period, Defendant was in the business of operating a strip club featuring female exotic dancers and it was Plaintiff and the Class Members' primary job duty for Defendant to work or perform as exotic dancers for, at, or in Defendant's Brass Flamingo Gentlemen's Club.

29. During the Relevant Period, Defendant had actual or constructive knowledge that its failure to pay wages to Plaintiff and the Class Members for hours Plaintiff and the Class Members worked or performed as exotic dancers for, at, or in Defendant's Brass Flamingo Gentlemen's Club was in direct violation of the FLSA and the FMWA Minimum Wage compensation requirement.

30. During the Relevant Period, Defendant had actual or constructive knowledge that its charging and/or assessment of per-shift fees, charges, and/or kickbacks and/or deduction or assignment of Plaintiff and the Class Members' earned tips or gratuities was in direct violation of the FLSA and the FMWA Minimum Wage compensation requirement.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
**(Failure to Pay Statutory Minimum Wages)**

31. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

32. The FLSA required Defendant to pay Plaintiff at an hourly rate at least equal to the Federal Minimum Wage for all compensable hours worked, free and clear of fees, sur-charges, and kickbacks.

33. The FLSA required that Defendant allow Plaintiff to keep and retain all tips and gratuities she received from customers.

34. As set forth above, Defendant failed to pay Plaintiff wages for all compensable hours worked at an hourly rate in compliance with the FLSA Federal Minimum Wage requirements.

35. As set forth above, without legal excuse or justification, Defendant subjected Plaintiff mandatory payment to Defendant and/or its agents of a per-shift fee, sur-charge, or kickback.

36. As set forth above, without legal excuse or justification, Defendant kept and/or assigned tips and gratuities earned and received by Plaintiff and belonging to Plaintiff.

37. Defendant's failure to pay Plaintiff wages as required by the FLSA and unlawful charging and/or assessments of fees, sur-charges, and kickbacks, and unlawful deduction and assignment of earned tips and gratuities was willful, knowing, intentional, and was not in good faith.

WHEREFORE, Plaintiff prays this Honorable Court enter an Order of judgment in favor of Plaintiff and against Defendant in the amount of (i) a return of all fees, deductions, and/or kickbacks paid by Plaintiff to Defendant; (ii) a return to Plaintiff of all tips or gratuities deducted or assigned from Plaintiff by Defendant; (iii) payment of wages at the full Federal Minimum Wage Rate for all hours worked; (iv) statutory liquidated damages in an equal amount to the total sum of the foregoing; and (v) payment of Plaintiff's attorney's fees and costs.

## COUNT II
## FLSA COLLECTIVE ACTION CERTIFICATION

38. Plaintiff hereby incorporates all the preceding paragraphs 1-30.

39. Plaintiff brings her FLSA claims in this action on behalf of herself and Class Members who, during the period September 2020, through the present, worked or performed as exotic dancers for, at, or in Defendant's Brass Flamingo Gentlemen's Club ("the FLSA Collective" within "the FLSA Collective Period").

40. During the FLSA Collective Period, the FLSA required Defendant to

pay each member of the FLSA Collective at an hourly rate at least equal to the Federal Minimum Wage for all compensable hours worked, free and clear of kickbacks and wage deductions.

41. During the FLSA Collective Period, the FLSA required that Defendant allow each member of the FLSA Collective to keep all tips and gratuities received from customers.

42. As set forth above, during the FLSA Collective Period, Defendant failed to pay each member of the FLSA Collective wages for all compensable hours worked at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

43. As set forth above, during the FLSA Collective Period, without legal excuse or justification, Defendant kept and/or assigned tips and gratuities earned and received by each member of the FLSA Collective and belonging to each member of the FLSA Collective.

44. As set forth above, without legal excuse or justification, Defendant subjected each member of the FLSA Collective to a mandatory payment to Defendant and/or its agents of a per-shift fee, sur-charge, or kickback.

45. The FLSA claims of each member of the FLSA Collective against Defendant arising during the FLSA Collective Period are the same or substantially

similar to the FLSA claims asserted in this action individually by Plaintiff against Defendant.

46. During the FLSA Collective Period, Defendant misclassified Plaintiff and each member of the FLSA Collective as a non-employee independent contractor.

47. During the FLSA Collective Period, Defendant should have classified Plaintiff and each member of the FLSA Collective as Defendant's employee under the FLSA.

48. During the FLSA Collective Period, Defendant was required to pay Plaintiff and each member of the FLSA Collective at an hourly rate at least equal to the Federal Minimum Wage for each hour each member of the FLSA Collective worked or performed as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club.

49. During the FLSA Collective Period, Defendant did not pay wages to Plaintiff and each member of the FLSA Collective at an hourly rate at least equal to the Federal Minimum Wage for each hour each member of the FLSA Collective worked or performed as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club.

50. During the FLSA Collective Period, the FLSA proscribed Defendant's practice or scheme of charging the members of the FLSA Collective a per shift fee, surcharge, or kickback.

51. During the FLSA Collective Period, Defendant perpetrated a class-wide unlawful plan or scheme to charge Plaintiff and each member of the FLSA Collective a per shift fee, surcharge, or kickback.

52. During the FLSA Collective Period, the FLSA proscribed Defendant's practice or scheme of deducting or assigning tips or gratuities the members of the FLSA Collective received from Defendant's customers.

53. During the FLSA Collective Period, Defendant perpetrated a class-wide unlawful plan or scheme to deduct or assign tips or gratuities Plaintiff and each member of the FLSA Collective received from Defendant's customers.

54. Defendant owes Plaintiff and each member of the FLSA Collective earned back wages equal to the Federal Minimum Wage for each hour worked during the FLSA Collective Period.

55. Defendant owes Plaintiff and each member of the FLSA Collective full reimbursement for all fees, surcharges, and/or kickbacks charged or assessed against each member of the FLSA Collective during the FLSA Collective Period.

56. Defendant owes Plaintiff and each member of the FLSA Collective full reimbursement for all tips or gratuities deducted or assigned from each member of the FLSA Collective during the FLSA Collective Period.

WHEREFORE, Plaintiff prays this Honorable Court (i) enter an Order Conditionally Certifying the FLSA Collective pursuant to FLSA Section 216(b); and

(ii) enter an Order of judgment in favor of Plaintiff and each member of the FLSA Collective that opts-in to this action and against Defendant in the amount of (a) a return of all fees, deductions, and/or kickbacks paid by each opt-in member of the FLSA Collective to Defendant during the FLSA Collective Period; (b) a return of all tips or gratuities deducted or assigned by Defendant from each member of the FLSA Collective during the FLSA Collective Period; (c) payment of wages at the full Federal Minimum Wage Rate for all hours worked by each member of the FLSA Collective for the entirety of the FLSA Collective Period; (d) statutory liquidated damages in an equal amount to the total sum of the foregoing; and (e) payment of each member of the FLSA Collective's attorney's fees and costs.

## COUNT III
## VIOLATION OF THE FMWA
### (Failure to Pay Statutory Minimum Wages)

57. Plaintiff hereby incorporates all the preceding paragraphs 1-30.

58. The FMWA required Defendant to pay Plaintiff at an hourly rate at least equal to the Florida Minimum Wage for all compensable hours worked, free and clear of kickbacks and wage deductions.

59. The FMWA required that Defendant allow Plaintiff to keep all tips and gratuities received from customers.

60. As set forth above, Defendant failed to pay Plaintiff wages for all

compensable hours worked at hourly rates in compliance with the FMWA Florida Minimum Wage requirements.

61. As set forth above, without legal excuse or justification, Defendant kept and/or assigned tips and gratuities earned and received by Plaintiff and belonging to Plaintiff.

62. As set forth above, without legal excuse or justification, Defendant subjected Plaintiff mandatory payment to Defendant and/or its agents of a per-shift fee, sur-charge, or kickback.

63. Defendant's failure to pay Plaintiff wages as required by the FMWA was willful, knowing, intentional, and was not in good faith.

WHEREFORE, Plaintiff prays this Honorable Court enter an Order of judgment in favor of Plaintiff and against Defendant in the amount of (i) a return of all fees, deductions, and/or kickbacks paid by Plaintiff to Defendant; (ii) a return to Plaintiff of all tips or gratuities deducted or assigned from Plaintiff by Defendant; (iii) payment of wages at the full Florida Minimum Wage Rate for all hours worked; (iv) statutory liquidated damages in an equal amount to the total sum of the foregoing; and (v) payment of Plaintiff's attorney's fees and costs.

## COUNT IV
## FMWA CLASS ACTION CERTIFICATION

64. Plaintiff hereby incorporates all the preceding paragraphs 1-30.

65. Plaintiff brings her FMWA claims in this action on behalf of herself and all Class Members who worked or performed as exotic dancers for, at, or in Defendant's Brass Flamingo Gentlemen's Club during the Relevant Period ("the FMWA Class").

66. During the Relevant Period, the FMWA required Defendant to pay each member of the FMWA Class at an hourly rate at least equal to the Florida Minimum Wage for all compensable hours worked, free and clear of kickbacks and wage deductions.

67. During the Relevant Period, the FMWA required that Defendant allow each member of the FMWA Class to keep all tips and gratuities received from customers.

68. As set forth above, during the Relevant Period, Defendant failed to pay each member of the FMWA Class wages for all compensable hours worked at hourly rates in compliance with the FMWA Florida Minimum Wage requirements.

69. As set forth above, during the Relevant Period, without legal excuse or justification, Defendant kept and/or assigned tips and gratuities earned and received by the members of the FMWA Class and belonging to the members of the

FMWA Class.

70. As set forth above, without legal excuse or justification, Defendant subjected each member of the FMWA Class to a mandatory payment to Defendant and/or its agents of a per-shift fee, sur-charge, or kickback.

71. The FMWA claims of each member of the FMWA Class against Defendant arising during the Relevant Period are the same or substantially similar to the FMWA claims asserted in this action individually by Plaintiff against Defendant.

72. During the Relevant Period, Defendant misclassified Plaintiff and each member of the FMWA Class as a non-employee independent contractor.

73. During the Relevant Period, Defendant should have classified Plaintiff and each member of the FMWA Class as Defendant's employees under the FMWA.

74. During the Relevant Period, Defendant was required to pay Plaintiff and each member of the FMWA Class at an hourly rate at least equal to the Florida Minimum Wage for each hour each member of the FMWA Class worked or performed as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club.

75. During the Relevant Period, Defendant did not pay wages to Plaintiff or any member of the FMWA Class at an hourly rate at least equal to the Florida Minimum Wage for each hour each member of the FMWA Class worked or performed as an exotic dancer for, at, or in Defendant's Brass Flamingo Gentlemen's Club.

76. During the Relevant Period, the FMWA proscribed Defendant's practice or scheme of charging the members of the FMWA Class a per shift fee, surcharge, or kickback for each shift worked.

77. During the Relevant Period, Defendant perpetrated a class-wide unlawful plan or scheme to charge Plaintiff and each member of the FMWA Class a per shift fee, surcharge, or kickback for each shift worked.

78. During the Relevant Period, the FMWA proscribed Defendant's practice or scheme of deducting or assigning tips or gratuities the members of the FMWA Class received from Defendant's customers.

79. During the Relevant Period, Defendant perpetrated a class-wide unlawful plan or scheme to deduct or assign tips or gratuities Plaintiff and each member of the FMWA Class received from Defendant's customers.

80. Defendant owes Plaintiff and each member of the FMWA Class earned back wages equal to the Florida Minimum Wage for each hour worked during the Relevant Period.

81. Defendant owes Plaintiff and each member of the FMWA Class full reimbursement for all fees, surcharges, and/or kickbacks charged or assessed against each member of the FMWA Class during the Relevant Period.

82. Defendant owes Plaintiff and each member of the FMWA Class full reimbursement for all tips or gratuities deducted or assigned from each member of the FMWA Class during the Relevant Period.

WHEREFORE, Plaintiff prays this Honorable Court (i) enter an Order Certifying the FMWA Class pursuant to Federal Rule 23; and (ii) enter an Order of judgment in favor of Plaintiff and each member of the FMWA Class and against Defendant in the amount of (a) a return of all fees, deductions, and/or kickbacks paid by each opt-in member of the FMWA Class to Defendant during the Relevant Period; (b) a return of all tips or gratuities deducted or assigned by Defendant from each member of the FMWA Class during the Relevant Period; (c) payment of wages at the full Florida Minimum Wage Rate for all hours worked by each member of the FMWA Class for the entirety of the Relevant Period; (d) statutory liquidated damages in an equal amount to the total sum of the foregoing; and (e) payment of the FMWA Class's attorney's fees and costs.

        Respectfully submitted,
        THE LEACH FIRM, LLC

        ___/s/_Carlos Leach_____
        Carlos Leach, FL Bar No.:_ 0540021
        1560 N. Orange Ave., Suite 600

Winter Park, Florida 32789
Phone:  407-574-4999
Fax:  833-523-5864
Email:  CLeach@TheLeachFirm.Com

ZIPIN, AMSTER & GREENBERG, LLC

__/s/__ *Gregg C. Greenberg*_____
Gregg C. Greenberg, to be admitted *pro hac vice*
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone:  301-587-9373
Fax:  240-839-9142
Email:  GGreenberg@ZAGFirm.Com

*Counsel for Plaintiff and the Class/Collective*